Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2720 | **DATE** | 6/11/2001 |
| **CASE TITLE** | COURSEY vs. HENDERSON etc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendant's motion for summary judgment is granted. This action is dismissed in its entirety with prejudice. All pending motions are moot. All previously set dates are stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JUN 12 2001 | |
| | Notified counsel by telephone. | | date docketed | 32 |
| | Docketing to mail notices. | FILED FOR DOCKETING | docketing deputy initials | |
| | Mail AO 450 form. | 01 JUN 12 AM 7:26 | 6/11/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| JS | courtroom deputy's initials | Date/time received in central Clerk's Office | JS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNATHAN M. COURSEY,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM J. HENDERSON,<br>Postmaster General of the<br>United States Postal Service,<br><br>Defendant. | No. 00 C 2720<br><br>**DOCKETED**<br><br>JUN 1 2 2001 |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On May 5, 2000, pro se plaintiff Johnathan M. Coursey ("Coursey") filed a single-count complaint against defendant William J. Henderson, Postmaster General of the United States Postal Service, ("Postal Service") alleging that he was terminated from his employment with the Postal Service on the basis of his race, sex, age and physical disability. Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Coursey's response to defendant's motion does not meet the standards set forth in Local Rule 56.1(b)(3)(A) and (B). Despite this failure, however, this court accepts Coursey's response as it stands and will consider Coursey's response in the evaluation of this motion. Having considered the matter fully, for the reasons stated herein, defendant's motion for summary judgment is GRANTED.

1

## STATEMENT OF FACTS[1]

In 1979, Coursey began working for the Postal Service and worked in various positions from distribution clerk to modified duty custodian. While working for the Postal Service, Coursey suffered two back injuries on the job and in 1994, Coursey underwent a laminectomy for lumbar disc problems. As a result of his injuries, Coursey could not lift over ten pounds and needed to avoid repetitive bending and twisting, as well as prolonged standing. In 1995, the Postal Service offered Coursey a permanent position as a modified duty custodian. This position satisfied Coursey's medical restrictions and Coursey's treating physician at the time approved the position. Coursey accepted the position and worked as a modified duty custodian until August, 1996.

In August, 1996, Coursey voluntarily stopped going to work at the Postal Service. On October 18, 1996, Coursey's supervisor sent Coursey a five-day absence notice asking Coursey to provide medical documentation to explain his continued absence from work. Coursey did not respond to this notice. On December 28, 1996, the Postal Service sent Coursey a notice of possible termination. This notice charged Coursey with being absent from work without approval and for failing to respond to the notice of October 18th. Coursey did not respond to this notice. On January 28, 1997, the Postal Service sent Coursey a final notice terminating Coursey's employment with the Postal Service for being absent from work without approval. The Postal Service sent this final notice as well as all of the previous notices to Coursey's home address on file in its employment records at the time: 7655 South Aberdeen, Chicago, Illinois, 60620-2912. On February 4, 1997, Coursey

---

[1]The following facts are undisputed and are from the defendants' Local Rule 56.1(a) statement of material facts and accompanying exhibits. As explained fully later in this opinion, plaintiff's submissions have been accepted and considered in determining this matter.

finally returned to work to learn that he had been terminated as a result of being absent without leave. Coursey contacted his union, the American Postal Workers Union (APWU), which filed a grievance on his behalf in February, 1997. This grievance ended in an arbitration decision upholding Coursey's termination in December, 1998. Coursey did not contact an Equal Employment Opportunity Commission ("EEOC") counselor about his termination until December 17, 1998.

## STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1996). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.

A party who bears the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986). There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249, 106 S. Ct. at 2511.

It is not the function of this court to scour the record in search of evidence to defeat a motion

for summary judgment; the nonmoving party must identify with reasonable particularity the evidence upon which that the party relies. Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The evidence relied upon must be competent evidence of a type otherwise admissible at trial. Id. Thus, a party may not rely upon inadmissible hearsay in an affidavit or deposition to oppose a motion for summary judgment. Russell v. Acme-Evans Co., 51 F.3d 64, 68 (7th Cir.1995) (hearsay testimony may not be considered in summary judgment proceeding).

Despite being fully appraised of his obligations[2], Coursey failed to properly respond to this motion for summary judgment. Local Rule 56.1(b) states that a party opposing a motion filed pursuant to Fed.R.Civ.P. 56 shall file opposing affidavits, a supporting memorandum of law, and a concise response to each numbered paragraph of the movant's Local Rule 56.1(a) statement of uncontested facts. See Local Rule 56.1(b). Coursey did not submit a memorandum of law, nor did Coursey specifically respond to each numbered paragraph of defendant's 56.1(a) statement of facts. Coursey did, however, provide a statement of his position in this case as well as numerous documents pertaining to the factual background of this case. Coursey's submissions, however, do not adequately respond to defendant's 56.1(a) statement of uncontested facts and Coursey's submissions do not address any of the legal issues surrounding this case.

Rule 56 of the Federal Rules of Civil Procedure does not authorize the granting of summary judgment as a sanction for failing to file a proper response to a motion for summary judgment. See Tobey v. Extel/JWP, Inc., 985 F.2d 330, 332 (7th Cir. 1993). Rule 56(e) permits summary judgment only "if appropriate - that is, if the motion demonstrates that there is no genuine issue of material fact

---

[2] The sufficiency of the notice provided to pro se litigant Coursey will be discussed fully below.

and that the movant is entitled to judgment as a matter of law." Id. Although this court commends Coursey's attempt to file a proper response to this motion for summary judgment, Coursey's derelictions are not without cost. By failing to file a proper Local Rule 56.1(b) statement, Coursey admits, in effect, to all factual assertions presented by the defendant. See Local Rule 56.1(b)(3)(B); Michas v. Health Cost Controls of Illinois, Inc., 209 F.3d 687, 689 (7th Cir. Aug. 22, 2000) (accepting as true all material facts set out in Local Rule 56.1(a) statement, where non-moving party has failed to comply with Local Rule 56.1(b)). As a result, this court must determine whether summary judgment is proper as a matter of law by reviewing the record and the facts as presented by defendant and by drawing all justifiable inferences in favor of Coursey. See Wienco, Inc. v. Katahn Associates, Inc., 965 F.2d 565, 568 (7th Cir. 1992).

## ANALYSIS

I. Notice to Pro Se Litigant Coursey.

The Federal Rules of Civil Procedure forbid a district court from acting on a summary judgment motion without giving the nonmoving party a reasonable opportunity to appropriately respond. Fed. R. Civ. P. 56. A motion for summary judgment should not be granted against a pro se litigant unless the pro se litigant receives clear notice of the need to file affidavits or other responsive materials and of the consequences of not responding. See Timms v. Frank, 953 F.2d 281, 284 (7th Cir. 1992). The United States Court of Appeals for the Seventh Circuit explains that this notice should come from opposing counsel and should include a short, plain statement of the need to respond to a summary judgment motion, giving both the text of Federal Rule of Civil Procedure 56(e) and an explanation of the rule in ordinary English. Id. If opposing counsel fails to provide the requisite notice then the district court should do so. Id.

In this case, Coursey was not represented by counsel when defendant filed this motion for summary judgment. Therefore, defendant had a duty to appraise Coursey of his obligation to properly respond to this motion for summary judgment and if defendant neglected this duty then the duty to advise Coursey of the need to respond this motion would fall onto this court. On April 30, 2001, counsel for defendant certified to this court that counsel sent to Coursey via United States mail, *inter alia*, what was labeled as "Notice to Pro Se Litigant Opposing Motion For Summary Judgment" ("Notice") and counsel for defendant also provided to this court a copy of the Notice sent to Coursey. In the Notice, counsel explained to Coursey in laymen's terms what a motion for summary judgment is, what such a motion means, and what Coursey's responsibilities were in response to a motion for summary judgment. In addition, the Notice explains Rule 56(e) of the Federal Rules of Civil Procedure and Local Rule 56.1(a) and 56.1(b), and instructs Coursey how to proceed in an attempt to defeat this motion for summary judgment. This Notice is clear and concise and satisfies the requirement of appropriate notice to pro se litigant Coursey. This court now will consider the merits of defendant's motion for summary judgment.

II. <u>Prerequisites to pursuing a claim of discrimination under the ADEA, Title VII and the ADA</u>.

The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 <u>et seq</u>., contains two mandatory administrative requirements that a claimant must satisfy before filing suit in federal court. First, a claimant must file a charge of discrimination with the EEOC. <u>See</u> 29 U.S.C. § 626(d). Second, if the state in which the alleged discrimination occurred is a "deferral state," then the claimant must also file a charge with the appropriate state agency. <u>See</u> 29 U.S.C. § 633(b). Illinois is a "deferral state," which means that it is a state with its own age discrimination law and its own agency with "authority to grant or seek relief" for alleged discriminatory practices. 29 U.S.C. §

633(b). Therefore, in order to properly file a claim under the ADEA, Coursey must have filed a charge with the EEOC <u>and</u> filed a charge with the Illinois Department of Human Rights within 300 days of the alleged unlawful practice. (emphasis added). The United States Supreme Court held in <u>Oscar Mayer & Co. v. Evans</u>, 441 U.S. 750, 758, 99 S.Ct. 2066, 2072 (1979) that the two prerequisites of the ADEA are "mandatory, not optional."

In this case, the undisputed evidence in the record establishes that Coursey has not filed a charge of age discrimination with the Illinois Department of Human Rights[3]. Accordingly, Coursey has failed to comply with the mandatory prerequisites of the ADEA and summary judgment in favor of the defendant as to Coursey's ADEA claim is necessary as a matter of law.

Section 706(e) of Title VII, 42 U.S.C. § 2000e-5(e), requires that an aggrieved person file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice. Failure to file a charge with the EEOC within the allotted time renders the charge untimely and the claimant is precluded from bringing an action in federal court. <u>See</u> <u>Koelsch v. Beltone Electronics Corp.</u>, 46 F.3d 705, 707 (7th Cir.1995). The Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 <u>et seq</u>., has adopted the enforcement procedures governing Title VII actions, including the filing procedures and timing requirements. <u>See</u> 42 U.S.C. § 12117(a). The Supreme Court has held that the filing of a timely charge of discrimination with the EEOC is a prerequisite to suit in federal court, and is like a statute of limitations subject to waiver, estoppel, and equitable tolling. <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); <u>Gibson v. West</u>, 201 F.3d 990, 994 (7th Cir. 2000)(explaining that the time deadlines for

---

[3]Coursey has also failed to file a timely charge with the EEOC. This issue will be discussed more fully below.

7

EEOC charges are a precondition to suit in federal court and subject to waiver, estoppel and equitable tolling).

In this case, it is undisputed that Coursey was terminated from the Postal Service on January 28, 1997, and that Coursey did not file a charge of discrimination with the EEOC until February 10, 1999. Accordingly, Coursey has failed to file a timely complaint with the EEOC and summary judgment in favor of the defendant is necessary unless Coursey can establish waiver, estoppel or equitable tolling to excuse his untimeliness.

It has long been held that a statute of limitations is a personal defense whose protections can be waived. Hodgson v. Lodge 851, Intern. Ass'n of Machinists and Aerospace Workers, AFL-CIO, 454 F.2d 545, 553 (7th Cir. 1971). To establish a waiver of this defense, however, the evidence in the record must demonstrate that the person or entity with whom the defense rests has released the defense voluntary and knowledgeably. Id. In this case, there is no evidence in the record to suggest that defendant has in any way waived the timing requirements governing Title VII and ADA claims.

Equitable estoppel allows a delay in suing where the defendant has taken steps to prevent the plaintiff from suing within an allowable time. Flight Attendants Against UAL Offset (FAAUO) v. Commissioner, 165 F.3d 572, 575 (7th Cir.1999). Typically, the traditional elements of equitable estoppel are: (1) a misrepresentation by the party against whom estoppel is asserted; (2) a reasonable reliance on that misrepresentation by the party asserting estoppel; and (3) a detriment to the party asserting estoppel. LaBonte v. U.S., 233 F.3d 1049, 1053 (7th Cir. 2000). However, in suits against the government, one must also establish affirmative misconduct on the part of the government. Id.; Gibson, 201 F.3d at 994 (explaining that an affirmative misconduct is "more than mere negligence.... It requires an affirmative act to misrepresent or mislead." (internal citations omitted)). In this case,

8

there are no set of facts in the record by which a reasonable finder of fact could find any of the traditional elements of equitable estoppel or find any affirmative misconduct by defendant.

"Equitable tolling 'permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim.'" Smith v. City of Chicago Heights, 951 F.2d 834, 839 (7th Cir.1992)(quoting Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir.1990), cert. denied, 111 S.Ct. 2916 (1991)). Equitable tolling focuses on whether the plaintiff exercised due diligence but was nevertheless unable to file a timely claim. The undisputed evidence in this case establishes that approximately two years elapsed from the time Coursey was personally told that he was terminated from the Postal Service on February 4, 1997, until the time he filed a charge with the EEOC on February 10, 1999[4]. In addition, approximately another year passed between the time Coursey filed a charge with the EEOC until the time he filed suit in this court on May 5, 2000. Based on the undisputed evidence of this case, it is clear that Coursey has not exercised due diligence in pursuing his claims of discrimination.

Upon further review of the record, the record reveals no set of circumstances that would justify the application of waiver, estoppel, or equitable tolling which would excuse the untimeliness of Coursey's charge of discrimination filed with the EEOC. Therefore, as a matter of law, Coursey's Title VII and ADA claims are barred and summary judgment in favor of the defendant is necessary.

---

[4]The statute of limitations for filing an EEOC charge begins to run from the date of an adverse personnel action and not when the full consequences of the action are felt. See Davidson v. Indiana-American Water Works, 953 F.2d 1058, 1059 (7th Cir.1992). Accordingly, in this case the statute of limitations began on January 28, 1997 when Coursey was actually terminated from the Postal Service.

III. Elements to a prima facie case of discrimination under Title VII, the ADA, and the ADEA

Even if Coursey had complied with or been excused from the prerequisites to pursuing a claim of discrimination under Title VII, the ADA or the ADEA, defendant would still be entitled to summary judgment on the merits of this case. Whether under Title VII, the ADA, or the ADEA, in order to survive a motion for summary judgment, a plaintiff must establish a prima facie case of discrimination either by direct evidence or by the indirect method outlined first in McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973)(applying the indirect method of proof in Title VII case); see DeLuca v. Winer Industries, 53 F.3d 793, 797 (7th Cir. 1995)(applying the indirect method of proof in ADA case); see Johnson v. Zema Systems Corp., 170 F.3d 734, 742-43 (7th Cir. 1999)(applying the indirect method of proof in ADEA case). Under the McDonnell Douglas framework, a plaintiff bears the initial burden of producing evidence to sustain a prima facie case. If the plaintiff meets this burden, the employer must then produce evidence of a legitimate, nondiscriminatory reason for the adverse employment action. If the employer offers a legitimate, nondiscriminatory reason, the burden then shifts back to the plaintiff to present evidence that the employer's proffered reason is a pretext. The ultimate burden of persuasion rests with the plaintiff to show impermissible motive or intent. See, e.g., Adreani v. First Colonial Bankshares Corp., 154 F.3d 389, 394 (7th Cir.1998).

In this case, Coursey alleges discrimination based on race, sex, disability and age but offers no direct evidence of discrimination, therefore, Coursey must to proceed under the indirect method of proof. Coursey, however, has failed to carry his initial burden of producing evidence to sustain a prima facie case of either race, sex, disability or age discrimination. Upon an acute review of the record, taking all reasonable inferences in favor of Coursey, there is not a scintilla of evidence upon

10

which a reasonable finder of fact could find that the defendant discriminated against Coursey on the basis of race, sex, disability or age. Accordingly, all of Coursey's claims must fail on their merits and summary judgment in favor of the defendant is necessary as a matter of law.

Despite the fact that Coursey has failed to carry his initial evidentiary burdens, defendant nonetheless produces a legitimate, nondiscriminatory reason as to why Coursey was terminated. The undisputed evidence in this case establishes that on January 28, 1997, defendant terminated Coursey for being absent from work without approval since August 27, 1996 and for not submitting acceptable documentation to explain his absence from work. Def.'s Local Rule 56.1(a) Stmt. of Material Facts at ¶5. Coursey does not dispute defendant's reasons for terminating his employment and in his deposition testimony Coursey actually admits that he was absent from work from August, 1996 until February, 1997. Ex. A attached to Def.'s Local Rule 56.1(a) Stmt. of Material Facts, Coursey Dep. Tr. at 35-37. Additionally, Coursey does not produce any evidence in the record to establish any type of discriminatory animus behind defendant's actions or reasoning. The court is sympathetic to Coursey's plight, however, Coursey has failed to establish that defendant's proffered legitimate nondiscriminatory reason for his discharge is a pretext for discrimination. Accordingly, summary judgment in favor of the defendant is necessary.

## CONCLUSION

For all of the reasons stated above, defendant's motion for summary judgment is GRANTED. This case is dismissed in its entirety with prejudice. All previous dates are stricken. All pending motions are moot.

ENTER:

_____
JAMES F. HOLDERMAN
United States District Judge

DATE: June 11, 2001